

**Signed and Filed: January 18, 2008**

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 07-31580 TEC |
| | ) |
| NATIONAL FARM FINANCIAL | ) Chapter 11 |
| CORPORATION, a California | ) |
| corporation, | ) |
| | ) |
| Debtor. | ) |
| ———————————————————— | ) |
| | ) Adv. Proc. No. 07-3134 TC |
| NATIONAL FARM FINANCIAL | ) |
| CORPORATION, a California | ) |
| corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PSM HOLDING CORP., a New York | ) |
| corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| ———————————————————— | ) |

**MEMORANDUM DECISION RE DEBTOR'S REQUEST FOR PRELIMINARY INJUNCTION**

Debtor National Farm Financial Corporation (Debtor) is a
holding company that owns all of the shares of Business Alliance
Insurance Company (BAIC), an operating insurance carrier.  Debtor's
shares are held by the Chao Family Trust.  Larry and Julie Chao are
the trustees, and are also husband and wife.  The trust can take

MEMORANDUM DECISION RE REQUEST
FOR PRELIMINARY INJUNCTION                    -1-

action only upon the approval of both trustees.  Larry Chao is president and CEO of both Debtor and BAIC.

Debtor entered a written contract to sell its BAIC shares to PSM Holding Corp. (PSM).  When Debtor refused to close the sale, PSM sued Debtor, BAIC, and Larry Chao in the Central District of California.  After a 15-day jury trial, the district court awarded PSM a $43 million judgment against Debtor, Larry Chao, and BAIC (the Judgment).  The district court reduced the Judgment to $40 million, but otherwise denied defendants' post-trial motions.

Unable to post a bond to stay the Judgment pending appeal, Debtor filed a chapter 11 petition on December 5, 2007.  Larry Chao filed a chapter 11 petition on January 7, 2008.  Because it is an insurance company, BAIC is not eligible for relief under the Bankruptcy Code.  § 109(b)(2).[1]  In the present proceeding, Debtor seeks to have this court enjoin PSM from enforcing the Judgment against BAIC, on the basis that such enforcement would unduly interfere with Debtor's ability to reorganize.

Prior decisions authorize a bankruptcy court to enjoin creditor action against the chapter 11 debtor's subsidiary that is itself unable to seek bankruptcy protection because it is an insurance company.  See, e.g., In re Equity Funding Corp. of America, 396 F.Supp. 1266 (C.D. Cal. 1975).  Whether such relief is appropriate turns upon application of the familiar four-part test for injunctive relief:

---

[1] All statutory references are to the United State Bankruptcy Code, Title 11, United States Code, unless otherwise noted.

**MEMORANDUM DECISION RE REQUEST FOR PRELIMINARY INJUNCTION**          -2-

(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor.

Soldius Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.), 502 F.3d 1086, 1093 (9th Cir. 2007) (parentheses and italics in original). In this particular context, the likelihood of prevailing on the merits refers to the likelihood that Debtor will be able to confirm a plan of reorganization.

This chapter 11 is in substance a two-party case between PSM and Debtor. Debtor scheduled only two claims. The first is the $40 million Judgment. The other is a $300,000 claim by the attorneys who represented Debtor in the PSM litigation. Both are general unsecured claims. Debtor states that Julie Chao also asserts a claim for the harm to her beneficial interest in the family trust caused by the acts of the officers and directors that gave rise to the Judgment.

## A. Likelihood of Confirming a Plan

Debtor has not shown a strong likelihood of confirming a plan. Debtor can confirm a plan in which its shareholders retain an interest in the BAIA shares only if general unsecured creditors accept the plan. § 1129(b)(2)(B). A plan cannot be confirmed over the objection of PSM, because it holds more than one-third of the general unsecured claims. § 1126(c). Debtor asserts that it will be able to confirm a plan by subordinating the Judgment to the claims of Julie Chao and the attorneys under section 510 of the

**MEMORANDUM DECISION RE REQUEST FOR PRELIMINARY INJUNCTION** -3-

1  Bankruptcy Code.  As explained below, Debtor's theory is

2  unsupported by law.

3       Debtor first argues that the Judgment should be subordinated

4  under section 510(b), because it arises out of the purchase of a

5  security of Debtor or an affiliate of Debtor.  While the Judgment

6  did arise out of Debtor's breach of contract to sell the shares of

7  its affiliate BAIA, section 510(b) does not require subordination

8  to the creditors of *Debtor*.  The statute requires a claim arising

9  from the purchase of BAIA shares to be given the same priority as

10 the BAIA shares themselves.  The BAIA shares are not

11 subordinated to Debtor's creditors because to Debtor they represent

12 an asset, like a vehicle or a building.  Each of the cases relied

13 upon by Debtor involves the very different circumstance in which

14 the claimant had purchased shares of the *debtor itself*.  In that

15 circumstance, section 510(b) requires subordination to creditors of

16 the debtor, to prevent parties who bargained only for an equity

17 stake in debtor from elevating themselves to parity with creditors

18 who justly expected to be paid in full before equity holders

19 received any value.  American Broadcasting Systems, Inc. v. Nugent

20 (In re Betacom of Phoenix, Inc.), 240 F.3d 823, 828-31 (9th Cir.

21 2001); Falcon Capital Corp. Shareholders v. Osborne (In re THC

22 Financial Corp.), 679 F.2d 784, 785-87 (9th Cir. 1982).  In the

23 present case, the language and purpose of section 510(b) relate

24 only to whether the Judgment is subordinated to the claims of

25 creditors of BAIA.  Because BAIA is not entitled to seek bankruptcy

26 protection, the claims of those creditors are not before this

27 court.

28

**MEMORANDUM DECISION RE REQUEST**
**FOR PRELIMINARY INJUNCTION**      -4-

1    Debtor next argues that the Judgment should be subordinated to

2  Julie Chao's claim, pursuant to section 510(c) of the Bankruptcy

3  Code.  This argument is predicated on the assumption that the

4  Judgment is subject to rescission, because the contract upon which

5  it is based was not approved by Debtor's shareholders, as required

6  by California Corporations Code section 1001.

7    From this premise, Debtor first contends that the Judgment

8  should be subordinated, because payment of the claim would violate

9  a statute.  <u>La Grand Steel Products Co. v. Goldberg (In re Poole,</u>

10 <u>McGonigle & Dick, Inc.)</u>, 796 F.2d 318, 322-24 (9th Cir.), *amended*

11 *by* 804 F.2d 576 (9th Cir. 1986).  That decision does not support

12 subordination in the present case.   The statute in question in

13 <u>Poole</u> prohibited the repurchase of shares by an insolvent

14 corporation.  Subordination in that circumstance served the same

15 purpose cited by the cases interpreting section 510(b): to prevent

16 a party that bargained only for an equity position from elevating

17 itself to parity with creditors.  <u>Id.</u> at 323.  Debtor cites no

18 authority for the proposition that failure to secure the

19 shareholders' approval of a contract vitiates a money judgment for

20 breach of that contract.  The <u>Solorza</u> decision holds only that a

21 sale not approved by shareholders is not void, because the

22 shareholders may later decide to ratify it.  <u>Solorza v. Park Water</u>

23 <u>Co.</u>, 86 Cal.App.2d 653 (1948).  Section 208(b) of the Corporations

24 Code suggests that lack of required shareholder approval does not

25 relieve the corporation from monetary liability under a contract.

26 That section provides that a contract made by an officer with

27 actual or apparent authority binds the corporation, "except as the

28 board's authority is limited by law other than this division. . .

1  ."  Sections 208 and 1001 are both in Division 1 of the
2  Corporations Code.  Thus, any failure to comply with section 1001
3  is not a limitation imposed by law "other than this division."
4  Furthermore, subsection (a) of section 208 suggests that the
5  shareholder's remedies are to sue to enjoin closing of the sale, or
6  to sue the responsible officers and directors for breach of duty.

7      Debtor contends that subordination is also appropriate under
8  section 510(c), because PSM engaged in improper litigation tactics
9  by not joining Julie Chao as a party in the district court action.
10 Debtor cites no authority for this contention.  Furthermore, to the
11 extent that Debtor has any standing to raise this issue, Debtor has
12 not explained why it did not do so in the district court.  It is
13 also worthy of note that the district court permitted PSM to argue
14 that "NFFC was not handled by the Chaos in such a way as to be
15 considered a separate legal entity from BAIC" and stated "it is up
16 to the jury to determine whether Mr. Chao's signature on the
17 [contract] is sufficient to bind BAIC and NFFC and himself."
18 Fineman Decl., Exh. E at 9:18-20; 8:21-23.

19     The one claim that would appear to be subject to subordination
20 is that of Julie Chao.  Because she holds (indirectly) only an
21 equity interest in Debtor, any claim for damage to that equity
22 interest must be subordinated to the claims of Debtor's creditors.
23 See Betacom, supra, 240 F.3d at 828-31.

24     It is clear from the above that PSM holds more than one-third
25 in amount (indeed virtually all) of the general unsecured claims
26 against Debtor, and that PSM can therefore block confirmation of
27 any plan that provides for Debtor's shareholders to retain any
28

**MEMORANDUM DECISION RE REQUEST**
**FOR PRELIMINARY INJUNCTION**          -6-

interest in the shares of BAIC.  § 1129(b)(2)(B).  Thus, Debtor has
not shown a strong likelihood of confirming a plan.

**B.  Balance of Hardships**

     Nor has Debtor shown that the balance of hardships tips
sharply in its favor.  Debtor's most legitimate interest is in
having some effective remedy if the Judgment is reversed.  Debtor
seeks to do so by staying all enforcement of the Judgment during
what may be a protracted appeal.  There are alternate remedies that
would not deny PSM all benefits of its Judgment, and at the same
time would preserve for Debtor an effective remedy should it
prevail on appeal.  This court, for instance, could condition
relief from stay permitting PSM to hold and vote the shares of BAIA
on PSM's not transferring those shares, or seizing or transferring
assets of BAIC out of the ordinary course of business, pending the
outcome of the appeal.  It is unlikely that BAIA itself would be
dismembered in such a setting.  The duty of the Insurance
Commissioner to protect BAIA's policyholders to a large extent
requires the protection of BAIA itself.  If there arises some
specific threat to the continued viability of BAIA, this court can
always revisit whether the broad injunctive relief presently sought
is appropriate.  Debtor's desire to keep control of BAIA during the
appeal does not outweigh PSM's interest in enjoying the profits of
BAIA during that period.

**C. Irreparable Harm and Public Interrest**

     This court assumes without deciding that Debtor has no
adequate legal remedy and may suffer irreparable harm if injunctive

Case: 07-03134   Doc# 28   Filed: 01/18/08   Entered: 01/18/08 13:45:44   Page 7 of 9

1  relief is not granted.  It appears that public policy
2  considerations are neutral.  The relevant public interest to be
3  protected is that of the policy holders of BAIC, and they will be
4  protected by the Insurance Commissioner.
5
6  **CONCLUSION**
7      Because Debtor has not shown a likelihood of prevailing on the
8  merits, or that the balance of hardships justifies the long-term
9  imposition of the broad relief presently sought, such relief will
10 be granted only on a temporary basis.  Thus, the temporary
11 restraining order entered on December 6, 2007 will remain in effect
12 through February 8, 2008 or until a further order is entered,
13 whichever comes first.  The court will hold a status conference
14 regarding this action on January 28, 2008 at 10:30 a.m.  The court
15 respectfully requests counsel for the Insurance Commissioner to
16 attend and participate.
17                **END OF MEMORANDUM DECISION**
18
19
20
21
22
23
24
25
26
27
28

## Court Service List

Robert A. Julian, Esq.
Krista M. Enns, Esq.
Law Offices of Winston and Strawn LLP
101 California Street, 39th Floor
San Francisco, CA 94111

Thomas R. Kreller, Esq.
Milbank, Tweed, Hadley & McCloy
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017